**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4566**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ANTONIO LIVINGSTON,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:12-cr-00024-D-1)

───────────

Submitted: May 14, 2014            Decided: May 21, 2014

───────────

Before SHEDD and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Damonte Livingston appeals from his conviction on two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Livingston contests the district court's denial of his motion for judgment of acquittal on count one: unlawful possession, as a convicted felon, of a Hi-Point 9mm semi-automatic handgun and ammunition on January 27, 2011. He also asserts that the district court abused its discretion in using a special verdict form. Finding no error, we affirm.

Livingston first contends that his conviction on count one was not supported by the evidence. We review de novo the denial of a Fed. R. Crim. P. 29 motion. United States v. Gillion, 704 F.3d 284, 294 (4th Cir. 2012), cert. denied, 133 S. Ct. 2039 (2013). "[T]he jury verdict must be upheld if there exists substantial evidence [ ] to support the verdict, viewing the evidence in a light most favorable to the government." United States v. Stewart, 256 F.3d 231, 249 (4th Cir. 2001); see United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Gillion, 704 F.3d at 294 (citing United States v. Palacios, 677 F.3d 234, 248 (4th Cir.), cert. denied, 133 S. Ct. 124 (2012)).

2

This court will reverse on the basis of insufficient evidence only in "cases where the prosecution's failure is clear." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (internal quotations omitted).

To support a conviction for being a felon in possession of a firearm under § 922(g)(1), the government must prove the following elements: "(1) the defendant previously had been convicted of a [felony]; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence." United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (en banc).

Livingston argues that his conviction on count one was based on witness testimony and was not supported by any significant physical, written, or photographic evidence. He does not contest, however, that the Government met its burden with respect to the first and third elements. Rather, he contends that the Government did not demonstrate his knowing possession of the firearm.

We conclude that, viewing the evidence in the light most favorable to the Government, the evidence is sufficient for a reasonable trier of fact to find that Livingston committed the charged offense. First, the Government sufficiently proved that

the firearm was found within Livingston's reach and in the area of the vehicle where Livingston was seated. The Government also presented testimony that Livingston possessed ammunition in a coat he was wearing that matched the ammunition in the gun. Although Livingston argues that the investigation was lacking, he did not put on any evidence to dispute the investigatory findings. We therefore conclude that substantial evidence supported the verdict.

Next, Livingston contends that the district court abused its discretion in using a special verdict form. The form first asked the jury whether Livingston was guilty of each individual count, citing the elements of the offense as alleged in the indictment. Next, the verdict form asked, if in fact the jury had found Livingston guilty, which items did Livingston possess in relation to each count. The court used the special verdict form after defense counsel objected that a bag of ammunition related to count two was not proven to have been involved in interstate commerce, and therefore the jury could not convict based on that item alone.

Livingston asserts that the jury could have inferred that Livingston was already found guilty of violating § 922(g) and it was required to determine which items he possessed in doing so. He also summarily states that the wording was confusing. We review the district court's decision to give a

4

jury instruction and to use a special verdict form for abuse of discretion. United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009); United States v. Udeozor, 515 F.3d 260, 271 (4th Cir. 2008). "Without any evidence to the contrary, [this court] must assume that the jury followed the instructions given to it by the court." United States v. Hager, 721 F.3d 167, 189 (4th Cir. 2013), cert. denied, 2014 WL 1659920 (U.S. Apr. 28, 2014).

The special verdict form itself was clear and unambiguous. Further, the court more than amply instructed the jury that Livingston was not presumed guilty of any crime and that it need not find him guilty if the evidence did not support it. The jury is presumed to follow the court's instruction unless there is evidence otherwise. See Hager, 721 F.3d at 189. Applying the applicable standard of review, we must conclude that the district court did not abuse its discretion by electing to use the special verdict form in this case.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED